DANIEL MAYES *v.* SCHMIDT & CO.

Where the plaintiff does not interfere with the officer charged with the execution of a final process
    upon a judgment regularly obtained, he cannot be held responsible for the wilful or negligent acts
    of such officer in the execution of the writ.
C. P. 659.

APPEAL from the Third District Court of New Orleans, *Kennedy*, J.
    *Helm*, for plaintiff.    *Fitz*, for defendants and appellants.

MERRICK, C. J.    This action is brought to recover of defendants damages
for injury done to household furniture, injured while under seizure on a judg-
ment for rent.

The defendants *Schmidt & Co.* had obtained judgment against the plaintiff
(while absent during the summer months at Biloxi) for two hundred dollars, it
being for four months rent.    They caused furniture of about two thousand
dollars in value, to be seized.    The Judge of the lower court was of the opinion
that the seizure of all the furniture was directed by the plaintiffs in order to
obtain possession of the leased premises.    The unnecessary seizure of all the
furniture perhaps gives some color to this supposition.    The proof shows that
the furniture was injured in taking it from the premises leased and in storing
it afterwards.

The Sheriff's or Constable's duty and responsibility are prescribed by Art.
659 of the Code of Practice, in these words, viz :

" When the objects seized consist of money, movables, beasts or slaves, he
should put them in a place of safety, under the penalty of being responsible
for the loss or injury they may sustain through his fault or neglect."

Where the plaintiff does not interfere with the officer charged with the exe-
cution of a final process upon a judgment regularly obtained, he cannot be
held responsible for the wilful or negligent acts of such officer in the execution
of the writ.    But we are not satisfied that there was such an active interfer-
ence on the part of *Schmidt & Co.*, as to render them responsible for the acts
of the officer.

See *Meredith* v. *Flaxman*, 5 C. & P., 99.

The plaintiff has filed an answer praying for an amendment of the judgment
in his favor, by allowing him a larger amount of damages than was allowed in
the lower court.    The defendants, *Schmidt & Co.*, claim that they should be
allowed an additional month's rent, on account of the removal of the property
by the plaintiff since the seizure.

We do not think the judgment ought to be disturbed in either particular.

It is therefore ordered, adjudged and decreed by the court, that the judg-
ment of the lower court be affirmed as against the said *George F. Pierson*,
with costs, and that said judgment as to the said *Schmidt* and *Vogel*, composing
the firm of *Schmidt & Co.*, be avoided and reversed, and that there be judg-
ment against the plaintiff and in their favor, and that they recover their costs
in both courts.